Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
Cameron J. Taylor, OSB No. 256661
Email: cameron@awbakerlaw.com
BAKER & LISS PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **ROBYN FLYNN**, an individual, | Case No. 1:26-cv-00623 |
| Plaintiff, | **COMPLAINT** |
| v. | (Title VII; ORS 652.355; ORS 659A.030; ORS 659A.199; ORS 659A.233; ORS 659A.355; Wrongful Discharge) |
| **ASANTE dba ASANTE ROGUE REGIONAL MEDICAL CENTER**, a domestic nonprofit corporation, | |
| Defendant. | DEMAND FOR JURY TRIAL |

///

///

///

Page 1 – COMPLAINT

## Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for herself to redress injuries done to her by Defendant Asante dba Asante Rogue Regional Medical Center and officers, employees, and/or agents of said Defendant in contravention of her federally protected rights in violation of Title VII of the Civil Rights Act of 1964, as amended, and her state protected rights under ORS 652.355, ORS 659A.030, ORS 659A.199, ORS 659A.233, ORS 659A.355, and common law wrongful discharge.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Medford Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

At all material times, Defendant Asante dba Asante Rogue Regional Medical Center (hereinafter "Defendant") was and is a domestic nonprofit corporation with its principal place of business in Medford, Oregon.

///

///

Page 2 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Medford, Oregon.

6.

Plaintiff is and was domiciled in Jackson County, Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendant's management, employees, and/or agents and Plaintiff relied on the actual or apparent authority of Defendant's management, employees, and/or agents.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment on the basis of Plaintiff's sex and/or gender, and retaliated against Plaintiff for engaging in protected activities, including but not limited to reporting unlawful employment practices and/or reporting evidence she reasonably believed in good faith was violation of law, rule, and/or regulation.

**Factual Allegations**

9.

Plaintiff identifies as an androgynous queer woman and is a member of the LGBTQ+ community.

10.

Plaintiff was hired by Defendant on or about February 7, 2022 as a Certified Nursing Assistant ("CNA") and Unit Secretary ("US") in Defendant's Cardiovascular Intensive Care Unit ("CVICU") at Asante Rogue Regional Medical

Page 3 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

Center ("ARRMC") in Medford, Oregon. Over the course of her employment, Plaintiff was cross-trained to cover the position Monitor Technician ("MT").

11.

Plaintiff worked hard for Defendant and was good at her job. Plaintiff consistently met or exceeded Defendant's performance expectations and received over 20 "Values in Action" awards from Defendant during her employment. At no time during her employment as a CNA, US, or MT did Defendant issue Plaintiff any disciplinary warnings related to her performance in those roles.

12.

In or about late 2024, and continuing throughout the remainder of her employment, Plaintiff began raising concerns internally to Defendant's management, including but not limited to concerns regarding patient safety hazards, improper disposal of pharmaceutical waste, and potential mishandling of protected health information ("PHI").

13.

On or about January 15, 2025, Plaintiff reported concerns internally to Defendant's management regarding what she believed in good faith to be evidence of wage disparity amongst Defendant's workforce. Specifically, Plaintiff raised pay equity concerns with Defendant's Human Resources ("HR") Department regarding the compensation and job code practices affecting cross-trained staff who perform CNA, US, and MT roles at ARRMC.

14.

On or about February 27, 2025, Plaintiff accepted a secondary on-call position with Defendant as MT.

///

///

Page 4 – COMPLAINT

15.

In or about spring of 2025, Plaintiff reported to Defendant's management concerns regarding the improper disposal of pharmaceutical waste, including but not limited to practices involving the disposal of medications down sinks and in general waste containers.

16.

On or about March 17, 2025, Plaintiff sent an email to her supervisor and manager reporting that she had discovered multiple flats of lab tubes that had expired due to the tubes not being properly rotated. Defendant's management acknowledged the issue.

17.

On or about March 27, 2025, Defendant issued a staff-wide email updating its practices and procedures for disposing of pharmaceutical waste, instructing staff, in part, to "[r]emove the liquid" from intravenous ("IV") bags before placing them in the regular trash, or words to that effect.

18.

Defendant's employees, including Plaintiff, were deeply concerned by the vague and ambiguous language in Defendant's updated policy. Plaintiff and her coworkers were unsure whether Defendant intended for employees to pour pharmaceutical waste down drains, which would potentially contaminate public waterways with medication and other hazardous pharmaceutical materials.

19.

On or about that same day, Plaintiff responded to Defendant's staff-wide email to report her concerns and seek clarification. On or about April 7, 2025, Defendant's management responded—but only to Plaintiff and several managers,

Page 5 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

not all staff—with guidance that remained vague and ambiguous regarding pharmaceutical waste disposal.

20.

On or about June 11, 2025, Plaintiff submitted a formal job code adjustment request to Defendant's management and HR, supported by a 40-page document, seeking pay equity for cross-trained staff.

21.

On or about June 20, 2025, Plaintiff emailed her supervisor and manager reporting that 18 of 20 medication bins in the CVICU were unlabeled or mislabeled, and provided photographs documenting the violations.

22.

On or about June 27, 2025, Plaintiff observed a CVICU patient census sitting on her manager's desk. The patient census was clearly visible through a window that was facing a frequently trafficked hallway accessible to patients, visitors, and other staff. In good faith, and solely for the purpose of documenting the PHI exposure to report to a regulatory oversight body, Plaintiff photographed the scene from outside the window. Plaintiff sent these photographs to an individual already assisting in regulatory oversight agency investigations of Defendant regarding PHI exposure and other protected whistleblower activity for the sole purpose of asking the individual to provide the photographs to the regulatory agency. Plaintiff deleted the photographs from her phone and all backups before leaving the hospital that day.

23.

On or about July 8, 2025, Plaintiff also contacted the Centers for Medicare & Medicaid Services ("CMS") to report her ongoing compliance concerns regarding

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

PHI exposure and pharmaceutical waste disposal practices she had observed at ARRMC.

24.

On or about July 9, 2025, Defendant's HR Department closed Plaintiff's job code adjustment inquiry with no finding. On or about that same day, Plaintiff formally escalated her pay equity concerns via email to Defendant's Compliance Department, copying her supervisor and manager. On or about July 10, 2025, Defendant's VP of Compliance acknowledged receipt of Plaintiff's email.

25.

On or about July 18, 2025, Defendant required Plaintiff to attend a formal investigatory meeting regarding her June 27, 2025 photographs. Plaintiff received notice of the meeting after reporting to work for her scheduled shift on or about July 17, 2025, only a day before the meeting's occurrence. During the meeting, Plaintiff acknowledged taking the photographs, explained that her purpose for doing so was to document a visible PHI exposure for reporting, and confirmed that she had deleted the images and retained no copies. Plaintiff further maintained that the photographs were taken to capture the scene in which PHI was exposed, rather than to record legible patient information. Following the meeting, in a written summary provided to Defendant, Plaintiff clarified that her disclosure was made in good faith and that she had communicated with an individual connected to a federal oversight body for the limited purpose of facilitating reporting of the compliance concern. On information and belief, Plaintiff's manager whose actions resulted in the PHI being visibly exposed, was not subjected to comparable investigation or discipline by Defendant.

///

///

Page 7 – COMPLAINT

26.

Beginning on or about July 22, 2025, and continuing in the weeks that followed, Plaintiff filed complaints and/or made contact with multiple external regulatory agencies, including the Oregon Bureau of Labor & Industries ("BOLI"), the Occupational Safety and Health Administration ("OSHA"), the Equal Employment Opportunity Commission ("EEOC"), the Department of Health & Human Services Office for Civil Rights ("HHS"), the Oregon State Board of Nursing ("OSBN"), the Environmental Protection Agency ("EPA"), the Oregon Department of Environmental Quality ("DEQ"), and the Oregon Health Authority ("OHA"), reporting concerns related to patient safety, pharmaceutical waste violations, PHI exposure, and pay equity.

27.

On or about July 31, 2025, Defendant required Plaintiff to attend a second, unannounced investigatory meeting at which Defendant's VP of Compliance was present. During the meeting, Defendant's VP of Compliance stated, "If you think of anything else, if you change your mind about sharing the confirmations, that could go a long way," or words to that effect, appearing to condition Plaintiff's continued employment on the disclosure of her protected whistleblower communications with regulatory agencies. On or about that same day, Defendant's Compliance Department informed Plaintiff that her equal pay concern was "unable to be substantiated," or words to that effect.

28.

On or about August 1, 2025, Plaintiff called out sick from work due to work-related stress and anxiety that she was experiencing. Defendant placed Plaintiff on administrative leave shortly thereafter while Defendant allegedly investigated Plaintiff's June 27, 2025 conduct. On or about that same day, Defendant's HR

Page 8 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

instructed Plaintiff to produce evidence of her communications with regulatory agencies by August 4, 2025, including for Plaintiff to provide "just an acknowledgement of the submission," or words to that effect. Plaintiff reasonably believed this demand from Defendant's HR was an attempt to compel her to disclose her protected whistleblower communications.

29.

On or about August 11, 2025, while Plaintiff was still on administrative leave, Plaintiff filed a formal complaint with The Joint Commission ("TJC") regarding patient safety, environmental concerns, and retaliation present at ARRMC. On or about that same day, on-site inspections of ARRMC were conducted by Oregon DEQ, OSHA, and the City of Medford Wastewater Division.

30.

On or about August 13, 2025, Defendant terminated Plaintiff's employment. The termination notice alleged that Plaintiff had "intentionally and impermissibly disclosed confidential patient information by photographing a census list" and made "inconsistent and misleading statements" during the investigation, or words to that effect. The notice further explicitly referenced "the nature of [Plaintiff's] reporting to oversight agencies," or words to that effect, as a basis for the termination of Plaintiff's employment.

31.

On information and belief, Plaintiff's manager, who left the patient census containing PHI visible through a window in a publicly accessible area, is an employee outside of Plaintiff's protected class(es), and was not subjected to investigation, suspension, or termination. Additionally, on information and belief, another similarly situated employee, also outside of Plaintiff's protected class(es),

Page 9 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

who in or about 2024 transmitted PHI to a coworker, was not subjected to discipline or termination.

32.

Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant. On or about December 31, 2025, the EEOC issued a Notice of Right to Sue.

**First Claim for Relief**

**Title VII – Sex Discrimination**

33.

Plaintiff realleges paragraphs 1 through 32 above as fully set forth herein.

34.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting her to a hostile work environment, placing Plaintiff on administrative leave, and/or terminating Plaintiff's employment, on the basis of her sex and/or gender in violation of Title VII.

35.

As a result of Defendant's discriminatory conduct, Plaintiff has incurred economic damages, including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, damage to her professional reputation, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

36.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, sadness, anxiousness, fear,

Page 10 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

anger, sleep disturbance, humiliation, loss of confidence, and loss of enjoyment of life, all to her non-pecuniary loss in an amount to be determined at trial.

37.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

38.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to 42 U.S.C. § 1988 and Title VII.

39.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## Second Claim for Relief

### ORS 659A.030 – Sex Discrimination

40.

Plaintiff realleges paragraphs 1 through 39 above as fully set forth herein.

41.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting her to a hostile work environment, placing Plaintiff on administrative leave, and/or terminating Plaintiff's employment, on the basis of her sex and/or gender in violation of ORS 659A.030.

42.

As a result of Defendant's discriminatory conduct, Plaintiff has incurred economic damages, including but not limited to lost wages, loss of increased pay,

Page 11 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, damage to her professional reputation, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

43.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, sadness, anxiousness, fear, anger, sleep disturbance, humiliation, loss of confidence, and loss of enjoyment of life, all to her non -pecuniary loss in an amount to be determined at trial.

44.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

45.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885 and ORS 20.107.

46.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under Oregon law.

## Third Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

47.

Plaintiff realleges paragraphs 1 through 46 above as fully set forth herein.

///

///

Page 12 – COMPLAINT

48.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in substantial part for her reporting in good faith information Plaintiff reasonably believed was evidence of violations of federal and/or state laws, rules, or regulations.

49.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## **Fourth Claim for Relief**

### **ORS 659A.233 – Retaliation**

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Defendant retaliated against Plaintiff in the terms and conditions of her employment by subjecting Plaintiff to adverse actions, including subjecting her to disparate treatment, subjecting her to a hostile work environment, placing Plaintiff on administrative leave, and/or terminating Plaintiff's employment, because she in good faith reported possible violations of ORS chapter 441 or of ORS 443.400 to 443.455.

52.

As a result of Defendant's discriminatory conduct, Plaintiff has incurred economic damages, including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, damage to her professional reputation, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

///

Page 13 – COMPLAINT

**BAKER & LISS PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

53.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

## Fifth Claim for Relief

## Wrongful Discharge

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

55.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee because the employee in good faith brings evidence of inappropriate care or any other violation of law or rules to the proper authority. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS chapter 441, ORS 443.400 to 443.455, ORS 659A.233, and *Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

56.

Defendant, through its agents and/or employees, violated the above public policies by discriminating and retaliating against Plaintiff for in good faith bringing evidence of inappropriate care or any other violation of law or rules to the attention of the proper authority.

57.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Sixth Claim for Relief

## ORS 659A.355 – Wage Inquiry Retaliation

58.

Plaintiff realleges paragraphs 1 through 57 above as fully set forth herein.

Page 14 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

59.

Plaintiff inquired about, discussed, and/or disclosed her wages with Defendant and/or its employees; and/or made a charge, filed a complaint or instituted, or caused to be instituted, an investigation or proceeding based on the disclosure of wage information by Plaintiff.

60.

A substantial factor in Defendant's decision to retaliate against Plaintiff, including but not limited to subjecting her to disparate treatment, subjecting her to a hostile work environment, placing Plaintiff on administrative leave, and/or terminating Plaintiff's employment, was that Plaintiff engaged in protected activities alleged herein.

61.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

## Seventh Claim for Relief

### ORS 652.355 – Wage Claim Retaliation

62.

Plaintiff realleges paragraphs 1 through 61 above as fully set forth herein.

63.

Plaintiff made a wage claim or discussed, inquired about or consulted an attorney or agency about a wage claim.

64.

A substantial factor in Defendant's decision to retaliate against Plaintiff, including but not limited to subjecting her to disparate treatment, subjecting her to a hostile work environment, placing Plaintiff on administrative leave, and/or terminating Plaintiff's employment, was that Plaintiff engaged in protected activities alleged herein.

///

Page 15 – COMPLAINT

65.

Plaintiff realleges her damages as stated in paragraphs 42 through 46 above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal and state law;

2.  Economic damages and future losses to be determined at trial;

3.  Noneconomic damages to be determined at trial;

4.  Interest as allowed under the law;

5.  Punitive damages in an amount to be determined at trial;

6.  Reasonable costs and attorney fees; and

7.  For such other and further relief as the Court may deem just and equitable.


DATED this 30th day of March, 2026.


BAKER & LISS PC


*s/Cameron J. Taylor*

Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Cameron J. Taylor, OSB No. 256661
Attorneys for Plaintiff


Page 16 – COMPLAINT

**BAKER & LISS PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800